No. 3842

Second Circuit

———

BYNUM v. SUCCESSION OF HODGE ET AL.

———

(December 23, 1930. Opinion and Decree.)

———

Stubbs & Thompson, of Monroe, attorneys for plaintiff, appellant.

Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellee.

DREW, J. Plaintiff sued for the cost of the funeral expenses of his wife and for the cost of a tombstone placed over her grave. He alleged that his wife was killed in an automobile accident while occupying a car with Mrs. Irene Sims Shields; that the accident was caused by the carelessness and negligence of the minor son of the deceased, Wesley J. Hodge, who was driving a car that ran into the one occupied by plaintiff's wife and Mrs. Shields; that his wife was killed in said accident, and that he is entitled to recover the cost of her funeral and for the tombstone he placed over her grave.

This is a companion case to the case of Irene Sims Shields v. Succession of Wesley J. Hodge, 13 La. App. 546, 128 So. 530.

The attorneys for both plaintiff and defendant by written consent agreed that the testimony and evidence in the Shields case should be used and made a part of this record, insofar as same might be relevant.

This court decided the Shields case against the defendant on the question of negligence and, for the same reasons as are set out in that case, we hold the defendant liable for the damages occasioned by the accident in this case.

The lower court rendered judgment in favor of the plaintiff for the sum of $417.50, representing the funeral expenses incurred by him, and rejected plaintiff's demand for the cost of a tombstone which was $400.

Plaintiff has appealed from the judgment of the lower court and defendant answered the appeal asking that the demands of plaintiff be rejected and his suit dismissed. However, on trial of the case in this court, counsel for defendant admitted the liability for the funeral expenses and prays that it be affirmed.

Appellant, in brief and in argument before this court, admits that the judgment for the funeral expense of $417 is correct, and is not asking that it be increased. There remains, therefore, the single question as to whether the cost of a tombstone erected to the memory of a person killed by the wrongful act of another is an element of damage against the person causing the wrongful death.

The question presented is apparently new. We have been cited no decisions and have been unable to find any where the cost of a tombstone has been allowed in an action arising ex delicto. There are some decisions which hold that the cost of a tombstone can be properly charged against the succession of the deceased by the executor or administrator, provided the cost is in keeping with the value of the estate of the deceased. The reasoning in these cases, however, is based on the fact that the deceased is entitled to have a tombstone paid for out of the estate he has left and has accumulated through his labor, and are not in line with the case before us.

Article 3192 of the Revised Civil Code reads as follows:

"Funeral charges are those which are incurred for the interment of a person deceased."

The word "interment" is defined as the placing of the dead in the earth—burial. We do not think it includes the cost of a tombstone to be placed over the grave. Even though the cost of a tombstone is allowed out of the estate of a deceased person when one is placed over his grave, the cost of same must be in line with the value of the estate. What would govern, if it were allowed in an action arising ex delicto? The value of the estate of the deceased or the ability of the defendant to pay? What would be a reasonable price for a tombstone? If based on the value of the estate of the deceased, in one case it might be $50,000 and in another, $50, and likewise if based on the ability of the defendant to pay.

Everyone does not mark the grave of a loved one with a tombstone. Some do and some do not. It is often requested before death that no money be expended for a tombstone. You may enter any cemetery and find numbers of graves without even a marker—much less a tombstone. We do not think the cost of a tombstone was a necessary expense incident to the death of plaintiff's wife. It is perfectly natural that plaintiff should want to mark his deceased wife's grave with a suitable tombstone, yet it is not necessary to the extent that defendant could be forced to pay for it. The burying of the deceased was necessary, and she was entitled to a decent burial which the record shows she received, and the judgment allowing damages to cover the cost of that burial was a proper judgment.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed; cost of appeal to be paid by appellant.